IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,527-01






EX PARTE FREDERICK C. HARDEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,892-A IN THE 12
TH DISTRICT COURT


FROM GRIMES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to seven years' imprisonment. He did not appeal his conviction. 

 Applicant was arrested in March 2006 for violating a condition of his parole. He contends that
TDCJ-Board of Pardons and Paroles has violated his due process rights because it has not held a
preliminary hearing. Such a hearing is constitutionally mandated under Morrissey v. Brewer, 408 U.S.
471, 485, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ("[D]ue process would seem to require that some
minimal inquiry be conducted . . . as promptly as convenient after arrest while information is fresh and
sources are available" to "determine whether there is probable cause or reasonable ground to believe
that the arrested parolee has committed acts that would constitute a violation of parole conditions").
The Texas Legislature enacted section 508.2811 of the Government Code to implement the due
process rights of those who are arrested as parole violators. Tex. Gov't Code § 508.2811. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether TDCJ-Board of Pardons and Paroles
has held a preliminary hearing pursuant to Tex. Gov't Code § 508.2811. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 24, 2007

Do not publish